Hotjok, J.
It is agreed by the parties hereto that the following statement of facts shall be considered as applicable to this action:
‘ ‘ The decedent, Etta S. Whyde, executed her last will and testament January 22, 1916, at which time she was unmarried, being then a widow.
“She was married to Samuel Whyde, October 4, 1917, and died July 15,1919, leaving no children nor their legal representatives, but leaving the said Samuel Whyde her widower, for whom no provision was made in said will, but by the will all of her estate was disposed of to others to the exclusion of her said husband.
“Said will was duly probated.
“Said Etta S. Whyde died owning both real and personal- property. Said Samuel Whyde filed in probate court his election not to take under the will.
“Said Samuel Whyde, as administrator with the will annexed of the estate of his said deceased wife, filed in the probate court his final account showing distribution of all the proceeds of the personal estate, to-wit, $2,525.22, to himself as widower of said decedent.
“Exceptions to said account were filed by John I). Lunn, trustee and beneficiary under the will, September 9, 1920, which exceptions were sustained by the probate court, the said court holding that said Samuel Whyde, as widower, was only entitled to one-half of the first four hundred dollars and one-third of the remainder of the personal property for distribution.
*299 “Thereupon said Samuel Whyde appealed the cause to the common pleas court, which court entered the same judgment as the prohate court.”
Question: Under these facts and the law applicable to same is the plaintiff in error entitled, as he claims, to all of the personal estate of his deceased wife, on distribution, or is the judgment of the probate and common pleas courts right?
Section 8592, General Code (R. S., 4176), reads:
“When a person dies intestate and leaves no children or their legal representatives, the widow or widower, as next of kin, will be entitled to all the personal property which is subject to distribution upon settlement of the estate. If the intestate leaves any children or their legal representatives, the widow or widower will be entitled to one-half of the first four hundred dollars and to one-third of the remainder of the personal property subject to distribution.”
Section 10571, General Code (R. S., 5964), reads:
“The election of the widow or widower to take under the will shall be entered upon the minutes of the court. If the widow or widower fails to make such election, she or he shall retain the dower, and such share of the personal estate of the deceased consort as she or he respectively would be entitled to by law in case the deceased consort' had died intestate, leaving children.”
Section 10572, General Code, reads:
“If the widow or widower elects to take under the will, she or he shall be thereby barred of dower and such share of personalty, and shall take under the will alone, unless as provided in Section 10569. But an election to take under the will does not bar the right to remain in the mansion of the deceased con *300 sort, or the widow to receive one year’s allowance for the support of herself and children, as provided by law, unless the will expressly otherwise directs.”
Section 10569, General Code (R. S., 5963), reads:
“No widow or widower shall be entitled both to dower and the provisions of the ivill in her or his favor, unless it plainly shows that such provision was intended to be in addition to dower and a distributive share of the estate.”
Counsel for the plaintiff in error rely for a reversal of this judgment wholly and entirely upon the decision in the case of Doyle v. Doyle, Jr., 50 Ohio St., 330.
The material facts in the Doyle case are in substance as follows:
William S. Doyle, having executed his last will and testament, died August 6, 1890, leaving quite a large estate in real and personal property. By his will, after making a bequest of $1,000 to a daughter and a like sum to the children of his brother, he disposed of all the residue of his estate, real and personal, to his other children, making no provision for his wife, Louise E. Doyle, who survived him. The will was admitted to probate and the widow “refused to take under the will” and thus it was so recorded in the probate court.
It was claimed by some of the children, that, as no provision was made for her in the will, the widows was entitled to no part of the personalty, on distribution. The widow claimed all of the personal estate under the provisions of Section 8592, General Code (R. S., 4176).
In a suit to construe the will the common pleas court held that the widow was entitled to the same portion of his personalty that she would have been *301 had her husband died intestate, namely: one-half of the first four hundred dollars, and one-third of the balance on distribution. On appeal, the circuit court held otherwise, and ordered distribution under the provisions of the will. Error being prosecuted to the supreme court of Ohio, the judgment of the circuit court was reversed and that of the common pleas affirmed.
In the ease at bar learned counsel for plaintiff in error in their brief say:
“The court will notice that in the Doyle case, the widow received one-half of the first four hundred dollars and one-third of the remainder, for the reason that the decedent in that case left children or their legal representatives, consequently the last clause of Section 8592, General Code, properly applies to the facts therein. But, as above stated, in the case at bar, the first clause of said section applies, for there were no children or their legal representatives.”
But it must be remembered that in the case before us for review the decedent died testate. True, she made no provision in her will for the plaintiff in error, but, as her surviving widower, he exercised his legal right and refused to accept the terms of the will, and thereby elected to take under the law.
It seems to us clear, about which there should be no disagreement, that it is the intention of our statutes to provide for a widow or widower out of the estate of the deceased consort, even though the decedent provide otherwise by will.
Here the wife executes her will, subject to the law in force at the time it becomes effective. She had a legal right to cut her children off, if she had any, *302 if she saw fit to do so, but not so her husband, as his rights are fixed by statute.
The wife made no provision for the husband, and he had his option to abide by the will or take his portion of her estate as provided by law. He chose the latter by “electing not to take under the will,” under favor of Section 10571, General Code, “and retained in the estate of his deceased wife * * *, and such share of the personal estate of the deceased consort as she or he respectively would be entitled to by law in case the deceased consort had died intestate, leaving children,” thus making his distributive share of the personal estate, as provided by the latter part of Section 8592, General Code, “one-half of the first four hundred dollars and * * one-third of the remainder of the personal property.”
While the wife made her will under the law, yet by its provisions she could not, in law, abridge the right of her surviving husband to dower and a distributive share of her personal estate as provided by statute, unless he consented to same. His election was to take under the will and receive nothing or to take his legal allowance. This was for him to determine; and having refused to accept the terms of the will, he, by reason thereof, took his statutory rights in his wife’s estate.
Tliere being no children or their legal representatives, had there been no will the estate in question would then have passed to the surviving widower, Samuel Whyde, under the provisions of Section 8592, General Code. But Etta S. Whyde died testate, and her widower elected not to take under her will. Question: Did he then take the widower’s portion of said personal estate, under the provisions of Section 8592, or did he take under favor of Section *303 10571, General Code? The unanimous answer of this court is, under Section 10571, General Code.
We are of the opinion that the case of Foster v. Clifford, Exr., 87 Ohio St., 294, is decisive of the case at bar, in favor of the defendant in error.
In that case, like the one under review, Thomas Foster, the testator, died testate, leaving a widow, Mary Foster, hut no child or children, never having had any children. The syllabus reads:
“A testator gave to his wife all that part and interest in his estate, real, personal and mixed, which is secured to her, as his widow, by the laws of distribution of estates of the state of Ohio, in the cases where wives survive husbands who die intestate, and gave, absolutely, the remainder of his property, real, personal and mixed, to his brother. Held:
‘ ‘ That, under this will, the widow took her dower interest in the real estate of the testator, situated in Ohio, one-half of the first four hundred dollars and one-third of the remainder of the personal property subject to distribution, the use of the mansion house, under the provisions of Section 8607, General Code, and the year’s allowance provided for in Section 10656, and that the remainder of the estate, real, personal and mixed, went to the brother.”
It is our judgment that the case of Doyle v. Doyle, supra, which is relied upon by counsel for plaintiff in error, is clearly in point, but is decisive in this case in favor of the defendant in error instead of the plaintiff in error.
We have given the issue here raised careful consideration and have examined all the authorities cited by counsel, and many others as well. In addition to the decisions already referred to and commented upon, as governing the question here pre *304 sented, we call attention to the following as being also clearly in point, as well as decisive of the case now under consideration: Seney, Admr., v. Schroth, Admr., 25 C. C., N. S., 185; Hutchings v. Davis, Exr., 68 Ohio St., 160, and Geiger, Exr., v. Bitzer, 80 Ohio St., 65.
We find the order of distribution and judgment as entered in the probate court to be sound in law and in accordance with all statutory provisions governing the same; and the judgment of affirmance of said order and judgment by the common pleas court, in this case, being sound in fact and law, the same is hereby affirmed.

Judgment affirmed.

Shields and Patterson, JJ., concur.